IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-89-TAV-HBG |
| LENSEY McKEEHAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Trial [Doc. 14], filed on October 18, 2021. The Defendant asks the Court to continue the November 16, 2021 trial date, because counsel needs additional time to complete his investigation of the case and advise Defendant of the best resolution. The motion relates that the Defendant understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of January 12, 2022.

The Court finds Defendant McKeehan's motion to continue the trial and pretrial deadlines is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to investigate the underlying facts and to confer with Defendant McKeehan on trial strategy, trial preparations, and the best resolution of the case. The Court finds these trial preparations cannot be concluded by the November 16 trial date or in less than two and one-half months. Thus, the Court concludes that without a continuance, defense counsel

would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial [**Doc. 14**] is **GRANTED**. The trial of this case is reset to **January 12, 2022**. The Court finds that all the time between the filing of the motion on October 18, 2021, and the new trial date of January 12, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Trial [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 12, 2022**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **October 18, 2021**, and the new trial date of **January 12, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 13, 2021**;

(5) The deadline for filing motions *in limine* is **December 27, 2021**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 4, 2022, at 10:00 a.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **January 3, 2022**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge